```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                              2:04-cr-82-FtM-29DNF

SENECA ORLANDO EDISON
_____

**<u>OPINION AND ORDER</u>**

     This matter comes before the Court on defendant's Motion to Invoke Jurisdiction (Doc. #51), filed on September 1, 2005. Defendant, currently in state custody, seeks a court order directing that he be turned over to the custody of the Bureau of Prisons for confinement in a federal facility. The state sentencing judge has no objection to defendant's request, but acknowledged his lack of authority to direct where defendant would serve his sentence.

    A federal court has no authority to designate the location where a prisoner will be incarcerated; that function is within the purview of the Bureau of Prisons. 18 U.S.C. § 3621(b); <u>Abdul-Malik v. Hawk-Sawyer</u>, 403 F.3d 72 (2nd Cir. 2005); <u>United States v. Voda</u>, 994 F.2d 149, 151-52 (5th Cir. 1993). The Bureau of Prisons may designate a state facility as the location where defendant will serve his federal sentence, thus effectively making the sentences concurrent, but is not required to do so. 18 U.S.C. § 3621(b); <u>Abdul-Malik</u>, 403 F.3d at 74. Similarly, the Court has no authority to determine the credit that prisoner will receive for

incarceration outside the federal system.  That function also belongs to the U.S. Bureau of Prisons.[1]  Defendant may also seek administrative relief from the Bureau of Prisons pursuant to Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990).  Defendant's assertion that his state conviction violated due process is patently frivolous and, in any event, would be the subject of a habeas petition after he has exhausted all state court remedies challenging the validity of the conviction.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Invoke Jurisdiction (Doc. #51) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   9th   day of September, 2005.

```
                                    /s/ John E. Steele
                                    JOHN E. STEELE
                                    United States District Judge
```

---

[1] Federal courts lack the power to grant credit for time served at sentencing. United States v. Wilson, 503 U.S. 329, 336 (1992); United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990). Only the Bureau of Prisons, as the designated agent of the Attorney General, has the authority to determine initially the amount of credit a federal prisoner should receive from her presentence custody. Wilson, 503 U.S. at 335-36; Lucas, 898 F.2d at 1556. This likewise applies to credit for time served pursuant to a state court judgment.  A federal inmate who disagrees with the calculation of the Bureau of Prisons must exhaust all administrative remedies and then may file a petition in federal court pursuant to 28 U.S.C. § 2241 naming the warden as defendant. E.g., Rodriquez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995).

Copies:
Bureau of Prisons
AUSA
Seneca Edison